IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHALANDA HARDING                                                                  PLAINTIFF

v.                                                                    CAUSE NO. 1:15CV274-LG-RHW

HUNTINGTON INGALLS INDUSTRIES
and HUNTINGTON INGALLS, INC.                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS TIME-BARRED CLAIMS

BEFORE THE COURT is the [19] Motion to Dismiss Time-Barred Claims filed by Defendants Huntington Ingalls Industries and Huntington Ingalls, Inc. Plaintiff Harding has not responded. After due consideration of the Motion and the relevant law, it is the Court's opinion that certain of Harding's claims, as noted below, are time-barred. Accordingly, the Motion will be granted and the time-barred claims dismissed for lack of subject matter jurisdiction.

BACKGROUND

Harding worked as a pipe fitter for the Defendants in their Avondale, Louisiana facility from 2007 until January 2014, when she was transferred to their Pascagoula, Mississippi facility. Harding's employment was terminated approximately eleven months later, in December 2014. She filed this lawsuit alleging gender and race discrimination and retaliation pursuant to Title VII and Louisiana Employment Discrimination Law in the United States District Court for the Eastern District of Louisiana. The case was transferred to this Court upon agreement of the parties. (Order granting ex parte motion to transfer, Aug. 25, 2015, ECF No. 14).

Harding's factual allegations include discriminatory and retaliatory actions

taking place from October 5, 2009, until her termination on December 3, 2014. She alleges she filed a charge of discrimination with the Equal Employment Opportunity Commission on February 6, 2015. (Compl. 2 (¶6), ECF No. 1). She filed her Complaint on April 22, 2015. The Defendants argue that Harding cannot recover on any of her claims under the Louisiana Employment Discrimination Law because they are wholly time-barred. As to the Title VII claims, the Defendants argue that Harding cannot pursue any claim that arose before August 10, 2014, 180 days before she filed her EEOC Charge.

## DISCUSSION

1. Discrimination and Retaliation Claims Under Louisiana Law

The Defendants are subject to the Louisiana Employment Discrimination Law during the time they employed Harding in Louisiana. *Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 540-41 (E.D. Tex. 2000). Actions for violations of the Louisiana Employment Discrimination Law are subject to a one year prescription period. La. Rev. Stat. § 23:303(D); *Ikossi-Anastasiou v. Bd. of Supervisors*, 579 F.3d 546, 552 (5th Cir. 2009). Harding alleges she was last employed in Louisiana in January 2014, when she transferred to Defendants' Pascagoula, Mississippi facility. It is apparent that she did not file this case within one year of leaving employment in Louisiana. There is an available six-month extension for plaintiffs who file a charge of discrimination with the EEOC or the Louisiana Commission on Human Rights, La. Rev. Stat. § 23:303(D), but Harding filed her EEOC charge after the one year prescription period had already expired. The LEDL claims are therefore time-barred.

*Ikossi-Anastasiou*, 579 F.3d at 552.

    2.  Discrimination and Retaliation Claims Under Title VII

A Title VII plaintiff must file a charge of discrimination with the EEOC no more than 180 days after the alleged discriminatory employment action occurred. 42 U.S.C. § 2000e-5(e)(1). In "deferral states" this filing period is extended to 300 days if there is also a discrimination claim based on state law. Louisiana is a deferral state, and therefore the 300 day filing period applied to the alleged acts which took place in Louisiana. La. Rev. Stat. § 23:303; *Mayes v. Office Depot, Inc.*, 292 F. Supp. 2d 878, 887-88 (W.D. La. 2003). Harding's EEOC charge was filed February 6, 2015, which is more than 300 days after the last day of January 2014. Therefore, claims based on employment decisions and actions occurring in Louisiana may not be pursued under Title VII.

Mississippi is not a deferral state; a timely EEOC charge is one filed with 180 days of the alleged discriminatory acts. *Hood v. Sears Roebuck & Co.,* 168 F.3d 231, 232 (5th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)(1)). The factual allegations concerning Harding's Mississippi employment detail a discriminatory failure to hire occurring in April 2014, and an ongoing series of discriminatory acts from October 30, 2014 until her termination on December 3, 2014. (*See* Compl. 3-5, ECF No. 1).

Once again, Harding filed her EEOC charge on February 6, 2015. Any claims based on employment actions occurring more than 180 days before February 6, 2015 may not be pursued under Title VII. The only action alleged to have occurred in Mississippi beyond the 180 day period is the Defendants' failure to hire Harding as

financial manager in April 2014. (*Id.* at 3 (¶17)). The failure to hire claim is therefore time barred. However, the remainder of the alleged discriminatory actions in Mississippi, occurring between October 31, 2014 and December 3, 2014, are within 180 days of February 6, 2015, and will proceed as Title VII claims.

CONCLUSION

A precondition to further review of Harding's employment discrimination claims is a timely administrative charge with the EEOC. Dismissal for lack of subject matter jurisdiction is proper when complainants have failed to exhaust administrative remedies. *Filer v. Donley*, 690 F.3d 643, 648 (5th Cir. 2012); *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006). Accordingly, Harding's claims under the Louisiana Employment Discrimination Law will be dismissed with prejudice, as will the Title VII claims for actions occurring before August 10, 2014.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [19] Motion to Dismiss Time-Barred Claims filed by Defendants Huntington Ingalls Industries and Huntington Ingalls, Inc., is **GRANTED**. Plaintiff's Louisiana Employment Discrimination Law claims, and the Title VII employment discrimination claims concerning actions occurring before August 10, 2014, are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE